# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1019-19

DAVID HOHSFIELD,

     Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

     Respondent.

_____

Submitted January 11, 2021 – Decided May 17, 2021

Before Judges Suter and Smith.

On appeal from the New Jersey State Parole Board.

Law Office of James J. Curry, Jr., attorney for appellant (Timothy J. Petrin, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

On January 2, 2008, appellant David Hohsfield made sexually explicit comments to a fifteen-year-old girl and asked her to get into his vehicle. He was subsequently convicted of endangering the welfare of a child and sentenced in 2009 to a five-year term of incarceration. In addition to the custodial term, Hohsfield was sentenced to Parole Supervision for Life (PSL) under Megan's Law, N.J.S.A. 2C:43-6.4. After his release in 2012, Hohsfield twice violated his PSL terms and was returned to custody. The subject of this appeal is his second violation, which resulted in the New Jersey State Parole Board (Board) revoking his PSL and imposing a fourteen-month future eligibility term (FET). Hohsfield appealed the Board's decision, and we affirm for the reasons set forth below.

I.

On February 13, 2018, Hohsfield was released from custody after his first PSL violation and resumed serving his parole term. In May 2018, Hohsfield made sexually vulgar and explicit comments at multiple retail stores while closely following several girls and their mothers. Hohsfield was arrested and charged with endangering the welfare of a child and nine counts of harassment. He pled guilty to endangering the welfare of a child and three counts of harassment, and he was sentenced to time served in jail. After sentencing, the

2

Board issued a parole violation warrant based upon Hohsfield's convictions for the above offenses. Hohsfield was served with a Notice of Final Revocation Hearing, charging him with violating PSL conditions.

II.

Pursuant to N.J.A.C. 10A:71-7.12(a)(2), the Board conducted a final revocation hearing. During the revocation hearing, the hearing officer reviewed Hohsfield's most recent conviction, his criminal history, and his performance under parole supervision. Hohsfield testified and admitted to the violation. He also testified that he had been diagnosed with early-onset Alzheimer's disease in 2014, and alleged his recent criminal behavior was due to not taking certain prescribed medication. Hohsfield presented no medical expert testimony to support the alleged causal connection between his medical condition and his behavior. Hohsfield further testified that since his most recent release from custody, he was an active participant in mandated sex offender therapy and other programs, actively sought employment and had obtained a driver's license.

Officer Ralph Ferrara testified on behalf of the Board. Officer Ferrara was not Hohsfield's officer of record, but he substituted at the hearing. Officer Ferrera testified the Board was aware of Hohsfield's medical condition, and that Hohsfield displayed a pattern of repetitive and compulsive behavior during the

previous fifteen years. The officer also stated that Hohsfield had a criminal history dating back to 1974 which involved offenses similar to the current offenses.

The hearing officer found by clear and convincing evidence that Hohsfield violated his parole conditions when he was convicted of the new criminal offenses and subsequently admitted to the charged PSL violation. Based upon these findings, the hearing officer recommended parole revocation and that Hohsfield serve a fourteen-month FET. In its decision, the Board concurred with the hearing officer's recommendation, finding: (1) Hohsfield's violation to be serious and sustained in its nature; (2) that Hohsfield did not demonstrate by clear and convincing evidence that good cause existed for not revoking his PSL status; and (3) that Hohsfield's due process rights were not violated by his officer of record's absence from the hearing. The Board revoked Hohsfield's parole and imposed a fourteen-month FET.

Hohsfield argues the following on appeal:

POINT I

THE PAROLE BOARD'S DECISION WAS ARBITRARY AND CAPRICIOUS AND SHOULD BE OVERTURNED

POINT II

4

MR. HOHSFIELD'S DUE PROCESS
RIGHTS WERE VIOLATED BY NOT
HAVING HIS PAROLE OFFICER
TESTIFY

III.

Our scope of review of Parole Board decisions is narrow. In re Taylor, 158 N.J. 644, 656 (1999). Our role is to determine "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record' considering 'the proofs as a whole….'" Ibid. (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). We "may not 'engage in an independent assessment of the evidence, as if [we] were the court of first instance.'" Ibid. (quoting State v. Locurto, 157 N.J. 463, 471 (1999)). Further, a presumption of reasonableness attaches to the actions of an administrative agency, Smith v. Ricci, 89 N.J. 514, 525 (1982), and we give great deference to administrative decisions. See Taylor, 158 N.J. at 657. An administrative decision will be reversed only when it is found to be "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980).

N.J.A.C. 10A:71-7.12(d) provides in relevant part:

> If the parolee has been convicted of a crime committed while on parole . . . the purpose of the revocation hearing shall be to determine whether, by clear and

5

convincing evidence, good cause exists why the parolee should not be returned to confinement.

When we apply this standard and consider the proofs as a whole, which include Hohsfield's lengthy and substantial criminal history of like offenses, we conclude that the Board's findings could easily have been reached on the sufficient credible evidence in the record. Taylor, 158 N.J. at 656. After admitting to the parole violation, Hohsfield argued that a medical condition caused his behavior, but offered no medical testimony to support his theory. Hohsfield argues before us that his due process rights were violated at the hearing, contending he had no opportunity to cross-examine his parole officer of record. This argument has no merit. Hohsfield had a full and fair opportunity to testify on his own behalf, present any witness testimony or documents, cross-examine Officer Ferrara, and make arguments before the hearing officer. Hohsfield could have sought adjournment of the hearing to make further preparation, but he elected not to do so. There is no procedural or substantive due process violation based on Officer Ferrara's substitution at the hearing for Hohsfield's officer of record.

The sole issue presented is whether Hohsfield proved by clear and convincing evidence that good cause existed to prevent his return to confinement. Nothing in the record suggests arbitrary or capricious action by the Board. Henry,

6

81 N.J. at 580.  We find the Board's action in revoking Hohsfield's parole to be reasonable on the facts before it.  Smith, 89 N.J. at 525.  Using the required deferential review standard, we conclude there is no basis to disturb the imposition of the fourteen-month FET.  Taylor, 158 N.J. at 657.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1019-19